FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FELICIA V.,

       Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

       Defendant.

No. 2:25-CV-00167-SAB

**ORDER REVERSING THE DECISION OF COMMISSIONER**

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision, denying her application for social security benefits. Plaintiff is represented by Chad Hatfield. The Commissioner is represented by Benjamin Groebner and Joseph Derrig. Pending before the Court is Plaintiff's Motion for Summary Judgment, ECF No. 11, and the Commissioner's Brief, ECF No. 19.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

## I.    Jurisdiction

On May 4, 2022, Plaintiff filed an application for disability benefits, as well as supplemental security income, alleging disability beginning January 1, 2022.

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 1**

Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on April 18, 2024, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of her counsel, Chad Hatfield. Thomas Polsin, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on March 18, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on May 20, 2025. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 2**

done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 3

not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**III.    Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 4

weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff testified that she stopped working in the beginning of 2022. She was experiencing fatigue, horrible menstrual cycles that included clotting and cramping, and nausea due to a pituitary tumor. She stated her period could last one month. She experiences mood swings from hormonal imbalance, her breasts become engorged, and she becomes irritable. Plaintiff suffers from depression and experiences anxiety.

Plaintiff was on a treatment for her pituitary tumor that caused her to be sick. Even off the medication, she still experienced headaches and nausea. If she gets a migraine, she must lie down in a dark, cool room. She cannot look at her phone or the computer. She testified that she has neuropathy in her hands. Her hands cramp up and are mostly numb. There is also pain from carpal tunnel.

Plaintiff testified that she experienced joint pain in her back and hip and has received injections for the pain. She then reported that she got an MRI for her lower spine just a few days before the hearing. She explained that she cannot sit or stand for very long and some days, she had to lay down with her legs elevated to reduce the pain. Plaintiff stated that recently her OBGYN found two large cysts on the lining of her uterus.

Plaintiff explained that she usually has three or four appointments a week, but sometimes she has to reschedule them because she is too sick to show up to the

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 5**

appointment.

Plaintiff has struggled with her alcohol use, but reported that she has been sober for a while.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 18-30.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 19, 2022, the alleged amended onset date. AR 20.

At step two, the ALJ identified the following severe impairments: depressive disorder, anxiety disorder, post-traumatic stress disorder, and alcohol use disorder. AR 21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 23. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, routine tasks. AR 24.

At step four, the ALJ did not evaluate whether Plaintiff had past relevant work. AR 28.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including kitchen helper; laundry worker; and housekeeping cleaner. AR 29. In the alternative, the ALJ found that if Plaintiff was limited to light work and non-exertional limitations, she could perform the following representative occupations: small product assembler, office helper, and routing clerk. AR 30. Consequently, the ALJ found that Plaintiff was not disabled.

**VI.  ISSUES**

1.  Whether the ALJ erred in failing to consider the results of the MRI?

2.  Whether the ALJ properly evaluated the opinions of Brittanee Worthy,

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 6

ARNP?

3. Whether the ALJ conducted a proper Step Two Analysis?

4. Whether the ALJ properly evaluated Plaintiff's subjective complaints?

5. Whether the ALJ's Step Five analysis was adequate?

**VII.  Discussion**

**1.  Recent Medical Records**

Plaintiff asserts the ALJ improperly failed to consider the medical evidence from her procedure that took place on April 16, 2024— just two days before the hearing.

Pursuant to the social security regulations, 20 C.F.R. § 404.935 states:

> (a) When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.
>
> (b) If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>
> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
> (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>
> (ii) There was a death or serious illness in your immediate family;

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 7**

(iii) Important records were destroyed or damaged by fire or other accidental cause; or

(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

It was at the hearing when counsel learned that Plaintiff had an MRI just days before. The ALJ did not hold the record open to admit the MRI results.

The ALJ abused its discretion in failing to open the record, notwithstanding the absence of a five-day letter describing the MRI. Counsel had learned about the records during the hearing so there was no time to provide the letter. There is no indication that Plaintiff was less than diligent in obtaining the medical records. The ALJ relied on the fact that counsel indicated the record was complete, but that statement was made prior to learning about the MRI. Moreover, the MRI records indicate Plaintiff has mild disc bulge, mild facet osteoarthrosis, mild canal narrowing, mild bilateral neural foraminal narrowing at the L4-5, and mild disc bulge at L5-S1. Finally, in his opinion, the ALJ faulted Plaintiff for not obtaining an MRI to document her joint and back pain. ("In fact, she has not even pursued workup to the point of obtaining a MRI", AR 25; "In addition, while the claimant has complaint of back pain, there is no imaging to support this as a medically determinable impairment, AR 22). Clearly, this was in error, given that she had obtained an MRI just prior to the hearing.

## 2. Step Two Analysis

While the ALJ erred in not considering the MRI results, it also erred in dismissing all of Plaintiff's physical impairments as groundless. Rather, the record shows that Plaintiff has experienced nausea, menstrual irregularity, and migraine headaches, was well as joint pain and numbness in her hands. The MRI supports Plaintiff's complaint of lower back pain and hip pain. She had received injections for her joint point and reported that the injections were largely ineffective. The record shows that on exam she had paraspinal tenderness and right hip tenderness

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 8

with guarding and decreased range of motion. The ALJ ignored her diagnoses of lumbago, right hip pain, polyneuropathy, and muscle spasms. He also erred by failing to adequately consider Ms. Vandaveer's pituitary adenoma, SI joint osteoarthritis, irregular menses, migraine headaches, and upper extremity neuropathy.

The ALJ failed to consider that during the first week of her menstrual cycle, Plaintiff experiences cramping, clotting, and fatigue/sleepiness, which results in her inability to meet attendance and productivity demands of competitive employment. She testified that during this time, she needs to take naps, and she frequently dozes off.

The ALJ's Step Two analysis is not supported by the record, and consequently, the error at Step Two affected the ALJ's RFC and Step Five Analysis because the ALJ failed to properly account for Plaintiff's physical impairments.

### 3. Remand

In discounting Plaintiff's symptom testimony, the ALJ failed to account for the fact that Plaintiff would experience excessive absenteeism, excessive breaks, off-task behavior and the need for accommodations that would be caused by her irregular menstrual cycle. The ALJ focused on the size of the pituitary tumor, but failed to consider that Plaintiff continued to experience irregular menses. Dr. Kunkel acknowledged that she was continuing to experience irregular menses. While he concluded it was unlikely her symptoms were related to prolactin abnormalities, there is not dispute that she continued to experience irregular menstrual cycles that would cause her to miss work during the first week of her cycle.

The ALJ erred in failing to appreciate the disabling effect of Plaintiff's menstrual cycle. The record demonstrates that she went to various medical providers and tried various options, including using birth control and other

**ORDER REVERSING THE DECISION OF COMMISSIONER ~ 9**

medications, to alleviate her symptoms. While the ALJ erred in failing to properly evaluate Plaintiff's physical ailments, including her joint pain, the most glaring error is that the ALJ simply ignored the substantial evidence in the record regarding her irregular menstrual cycles in finding that Plaintiff was not disabled.

Because there is no need to develop the record or convene further administrative proceedings, a remand for the immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 19, is **DENIED**.

3. The decision of the Commissioner is reversed and remanded for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 20th day of April 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER REVERSING THE DECISION OF COMMISSIONER** ~ 10